IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RODNEY S. LANOSA,              )<br>                               )<br>          Petitioner,           )<br>                               )<br>     v.                        )<br>                               )<br>CLAYTON FRANK, Interim Director, )<br>Department of Public Safety,   )<br>State of Hawaii; ROBERT PARKER, )<br>Warden, Tallahatchie County   )<br>Correctional Facility; and MARK )<br>J. BENNETT, Attorney General,  )<br>State of Hawaii,               )<br>                               )<br>          Respondents.         )<br>_____ ) | Civ. No. 07-00115 ACK-BMK |

## ORDER ADOPTING FINDINGS & RECOMMENDATION

On March 5, 2007, Rodney S. Lanosa ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). On March 28, 2007, Petitioner filed a memorandum in support of his Petition. On June 12, 2007, Clayton Frank, Robert Parker, and Mark J. Bennett (collectively "Respondents") filed an answer to the Petition. On July 11, 2007, Petitioner filed a reply.

On July 18, 2007, Magistrate Judge Barry M. Kurren issued a detailed Findings and Recommendation that Petition for Habeas Corpus Be Granted in Part and Denied in Part ("Findings & Recommendation"). In the Findings & Recommendation, the magistrate judge found that Petitioner's right to remain silent

and right to an attorney, under the Fifth and Fourteenth Amendments to the U.S. Constitution and the perennial case of Miranda v. Arizona,[1] were not violated, and recommended that the Petition be denied on these grounds.  See Findings and Recommendation at 11.  However, the magistrate judge found that Petitioner's extended-term sentences for Counts II, VI, and X violated Apprendi v. New Jersey, 530 U.S. 466 (2000), and recommended that the Petition be granted on this ground and that Petitioner be resentenced accordingly.  See id. at 12.

On July 24, 2007, Petitioner filed objections to the Findings & Recommendation on the following bases: (1) that the Findings & Recommendation failed to view the record from the perspective of a reasonable person in Petitioner's position and that if it had, the record would have demonstrated that Petitioner's right to remain silent was not scrupulously honored and (2) that the Findings & Recommendation failed to recognize that Petitioner invoked his right to counsel, and that right was violated.  See Petitioner's Objections to Magistrate's Finding and Recommendation that Petition for Habeas Corpus Be Granted in Part and Denied in Part at 2-8 (Jul. 24, 2007) ("Objections").  Petitioner did not object to the finding that his sentence violates Apprendi or the recommendation that his Petition be granted on that ground.

---

[1] Miranda v. Arizona, 384 U.S. 436, 444 (1966).

2

Respondents did not file a response to Petitioner's objections.  The Court finds this matter suitable for disposition without a hearing.  See L.R. 7.2(d); see also L.R. 74.2.

### STANDARD

The District Court makes a de novo determination of those portions of the magistrate judge's findings and recommendation to which objection is made.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); L.R. 74.2.  The District Court may accept, reject or modify, in whole or in part, the magistrate judge's findings and recommendation.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); L.R. 74.2.  The District Court will not conduct a new hearing unless required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  See L.R. 74.2; see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The District Court may exercise discretion to receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.  See L.R. 74.2; see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

### DISCUSSION

As discussed in the Findings & Recommendation, a "district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's

adjudication of the claim: '(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or, (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" See Findings & Recommendation at 5-6 (quoting 28 U.S.C. § 2254(d)).  In his objections, Petitioner argues that the state court's decision and magistrate judge's Findings & Recommendation were contrary to or involved an unreasonable application of clearly established federal law.[2/]  Reviewing de novo the Findings & Recommendation,

---

[2/] In his Objections, Petitioner does not explicitly object to the magistrate judge's factual findings.  However, Petitioner argues that the magistrate's "finding and recommendation merely paraphrases the respondents' answer, [and] petitioner's reply to the respondents' answer adequately sets forth the basis of his objections to the Magistrate's (and the respondents') view of his Miranda claim."  See Objections at 2.  To the extent that this statement can be construed to form an objection to the magistrate's factual findings (as set forth in Petitioner's reply brief), the Court finds that Petitioner has not met his burden of rebutting by clear and convincing evidence the factual determinations made by the state court.  See 28 U.S.C. § 2254(e)(1).  Petitioner's challenge to the magistrate's and state court's factual findings appears to be that (1) Detective Silva never indicated to Petitioner what Silva wanted to question Petitioner about and (2) Silva was present with Detective Lee during the second interrogation.  See Reply at 2 (July 11, 2007); Memorandum in Support of Habeas Corpus Petition at 42-43 (Mar. 28, 2007).  However, neither the state court (in its brief oral findings and holding at the voluntariness hearing, Appendix B at 81-100) nor the magistrate judge made a factual finding to the contrary.  Actually, the magistrate's Findings & Recommendation explicitly states that "Silva was present during the second interrogation."  Findings & Recommendation at 3.  Moreover, the
(continued...)

this Court finds that the state court's decision was not contrary to federal law and did not involve an unreasonable application of federal law as established by the Supreme Court; in short, Petitioner's rights to remain silent and to counsel were not violated. Accordingly, this Court adopts the Findings & Recommendation in full.

**A.   Right to Remain Silent**

Petitioner argues that the state court and the magistrate judge erred by viewing the record from the perspective of someone in the police's position, rather than from the perspective of a reasonable person in Petitioner's position. See Objections at 2. Neither the state court nor the magistrate judge specifically articulated whether it was viewing the record from the perspective of a reasonable person in Petitioner's position, but the findings and conclusions of each are consistent with having viewed the record from such a perspective. Presuming that the perspective of a reasonable person in the Petitioner's

---

[2]/(...continued)
magistrate judge appears to have presumed that Petitioner thought he was being interrogated about the same crime in each of the three interrogations. See Findings & Recommendation at 9 n.1. In any event, this Court presumes that these two facts set forth by Petitioner are accurate, and takes those facts into account in reaching its conclusions in this order. See, e.g., infra at 7 ("Even if a reasonable person in Petitioner's position would have viewed each of the interrogations as pertaining to the same crime, the circumstances as a whole indicate that Petitioner's right to remain silent was scrupulously honored").

position should be applied,[3/] and applying such a perspective, the Maui County Police Department scrupulously honored Petitioner's invocation of his right to remain silent.

A court must look to all of the circumstances to determine if a person's right to remain silent is violated. See Michigan v. Mosley, 423 U.S. 96 (1975) (reviewing all of the circumstances and taking a case by case approach to determine whether right to cut off questioning was scrupulously honored); see also United States v. Hsu, 852 F.2d 407, 410 (9th Cir. 1988) (interpreting Mosley to require a flexible approach that takes into account all relevant circumstances).[4/]  In Mosley, the Court considered the amount of time that elapsed between interrogations, the provision of fresh Miranda warnings, the scope of the second interrogation, and the zealousness of officers in pursuing questioning after the suspect had asserted

---

[3/]An objective, reasonable person test is generally appropriate in the Miranda context. See, e.g., Berkemer v. McCarty, 468 U.S. 420 (1984) ("A policeman's unarticulated plan has no bearing on the question whether a suspect was 'in custody' at a particular time [for Miranda purposes]; the only relevant inquiry is how a reasonable man in the suspect's position would have understood the situation."); Rhode Island v. Innis, 446 U.S. 291, 302 (1980) (definition of "interrogation" under Miranda "can only extend to words or actions on the part of police officers that they should have known were reasonably likely to elicit an incrimination response") (emphasis omitted).

[4/]Supreme Court holdings are the only source of clearly established law under the habeas corpus statute, but circuit court holdings are persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court law.  Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003).

his right to remain silent.  See Mosley, 423 U.S. 104-6; Hsu, 852 F.2d at 410.  "At no time . . . did the Court [in Mosley] suggest that these factors were exhaustive, nor did it imply that a finding as to one of the enumerated factors – such as, for example, a finding that only a short period of time had elapsed – would forestall the more general inquiry into whether, in view of all relevant circumstances, the police 'scrupulously honored' the right to cut off questioning."  Hsu, 852 F.2d at 410.  See also id. (right to remain silent was scrupulously honored where agents immediately ceased questioning when defendant expressed desire to remain silent, changed scenery, and provided fresh warnings, even though only thirty minutes elapsed between interrogations on the same subject matter; holding that "we have never suggested that any specific length of time is necessary to a finding that the right to cut off questioning was scrupulously honored").

Here, considering all of the circumstances, including the immediate end to each interrogation upon Petitioner's request, the fresh Miranda warnings that were given prior to each interrogation, and the time lapses between interrogations, it is clear under established Supreme Court precedent that Petitioner's right to remain silent was not violated.  See Mosley, 423 U.S. at 106-7.  Even if a reasonable person in Petitioner's position would have viewed each of the interrogations as pertaining to the same crime, the circumstances as a whole indicate that

Petitioner's right to remain silent was scrupulously honored. See id. (looking at all of the circumstances taken together); see also Hsu, 852 F.2d at 410 ("an identity of subject matter in the first and second interrogations is not sufficient, in and of itself, to render the second interrogation unconstitutional").

In summary, this Court agrees with the magistrate judge's conclusion that the state court decision was not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, regarding Petitioner's right to remain silent.

**B.   Right to Counsel**

Petitioner argues that if he invoked his right to remain silent by refusing to sign the waiver form during the first interrogation, then he simultaneously invoked his right to counsel with that same refusal. See Objections at 6.  In any event, Petitioner argues, he did invoke his right to counsel under Miranda.  The Court disagrees.

Invocation of the right to remain silent does not automatically trigger a requirement for counsel to be present if and when questioning is resumed. See Mosley, 423 U.S. at 104 n. 10.  The "Court in Miranda imposed no such requirement, for it distinguished between the procedural safeguards triggered by a request to remain silent and a request for an attorney and directed that 'the interrogation must cease until an attorney is

present' only '(i)f the individual states that he wants an attorney.'"  Id. (quoting Miranda, 384 U.S. at 474).

"Invocation of the Miranda right to counsel 'requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney.'" Davis v. United States, 512 U.S. 452, 459 (1994) (quoting McNeil v. Wisconsin, 501 U.S. 171, 178 (1991)).  Petitioner has not identified any portion of the record that would indicate that Petitioner made such an affirmative statement.  Merely refusing to sign a waiver of the right to remain silent and the right to counsel is not, alone, an "unambiguous request" for counsel under the standard set forth by the Supreme Court.  See Davis, 512 U.S. at 459 ("the suspect must unambiguously request counsel").

In summary, this Court agrees with the magistrate judge's conclusion that the state court decision was not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, regarding Petitioner's right to counsel.

## **CONCLUSION**

For the foregoing reasons, the Court adopts in full as the opinion of this Court the Findings and Recommendation that Petition for Habeas Corpus Be Granted in Part and Denied in Part, issued on July 18, 2007.

      IT IS SO ORDERED.

      DATED:  Honolulu, Hawaii, September 17, 2007.



                                  Alan C. Kay
                                  Sr. United States District Judge

Lanosa v. Frank, Civ. 07-00115ACK-BMK, Order Adopting Findings & Recommendation.